## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PRESTAN PRODUCTS LLC,

      *Plaintiff*,

   v.

INNOSONIAN AMERICA, LLC and
INNOSONIAN, INC.,

      *Defendants*.

Civil Action No. 23-
463(MEF)(MAH)

**OPINION and ORDER**

### Table of Contents

I.    **Background**

    **A. The Lawsuit**

    **B. The Motion**

    **C. The Evidence**

II.   **Personal Jurisdiction: Legal Principles**

    **A. Substance**

    **B. Procedure**

III.  **Analysis**

    **A. The First Prong: Purposeful Availment**

    **B. The Second Prong: Arise Out Of or Relate to**

    **C. The Third Prong: Fair Play and Substantial Justice**

    **D. Conclusion**

\*    \*    \*

A company sued for patent infringement.

One of the defendants now moves to dismiss, arguing the Court
does not have personal jurisdiction over it.

The motion is denied without prejudice, to allow for
jurisdictional discovery.

\*    \*    \*

1

## I.  Background

### A. The Lawsuit

The Plaintiff[1] alleged that the Defendant[2] and another company, incorporated in New Jersey (the "New Jersey Entity"[3]), used the Plaintiff's patented technology in a product (the "Product"[4]). See Complaint ¶¶ 1, 3-4.  The Product was then sold "throughout the United States." Id. at ¶ 8.

Based on this allegation, the Plaintiff sued for patent infringement.  See id. at ¶¶ 18-28.

### B. The Motion

The Defendant moves to dismiss for lack of personal jurisdiction.[5]

In response, the Plaintiff argues: (a) the Court has jurisdiction over the Defendant based on the current evidence, or (b) the Court should allow jurisdictional discovery to obtain more evidence.

### C. The Evidence

The parties have introduced certain evidence about jurisdiction.[6]

The evidence, at least for now, tends to establish three things.

---

[1]  The Plaintiff is Prestan Products LLC.

[2]  The Defendant is Innosonian, Inc.

[3]  The New Jersey Entity is Innosonian America, LLC.

[4]  The Product is a manikin, see Complaint ¶¶ 1, 15, allegedly manufactured by the Defendant.  See id. at ¶ 9.  The manikin is said to make use of technology protected by United States Patent Number 8,465,293.  See id. at ¶ 15.

[5]  The New Jersey Entity is also a defendant in this case.  It did not join the motion to dismiss.

[6]  In assessing a motion to dismiss for lack of personal jurisdiction, evidence outside of the pleadings is routinely considered.  See, e.g., Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG, 933 F.3d 1302, 1309 (Fed. Cir. 2019).

<u>First</u>, the Defendant itself has little direct connection to the United States.[7]

<u>Second</u>, the Defendant relies --- apparently very heavily, if not entirely --- on the New Jersey Entity for distribution and marketing of the Product in the United States.[8]

<u>Third</u>, there is evidence of a close relationship between the Defendant and the New Jersey Entity.[9]

---

[7]  Take five examples, from the Defendant's declaration.  First, "[the Defendant] does not have any offices in the United States."  Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim ("Motion to Dismiss"), Declaration of Moley Chung on Behalf of Innosonian, Inc. ("Chung Declaratiion") ¶ 2.  Second, "[the Defendant] has 20 total employees.  None . . . are located in the United States."  <u>Id</u>. at ¶ 3.  Third, "[the Defendant] does not own any property in the United States and does not maintain any bank accounts in the United States."  <u>Id</u>. at ¶ 4.  Fourth, "[the Defendant] does not sell or market any products in the United States."  <u>Id</u>. at ¶ 6. And fifth, the Defendant does not "send any sales representatives to the United States or attend any trade shows in the United States."  <u>Id</u>.

[8]  Consider four examples, from the New Jersey Entity's declaration.  First, the Defendant sells the Product to the New Jersey Entity in South Korea, which then imports the product into the United States.  <u>See</u> Motion to Dismiss, Declaration of Jonathan Gilbrook of Innosonian America, LLC ("Gilbrook Declaration") ¶¶ 3-4.  Second, after the Product arrives in the United States, "the majority of the [Products] are sent to third-party distributors with whom [the New Jersey Entity] has contractual relationships and then sold by the third-party distributors to end-users throughout the country."  <u>Id</u>. at ¶ 5. Third, "[the New Jersey Entity] also directly sells some [of the Product] to end-users in the United States."  <u>Id</u>. at ¶ 6.  And fourth, "[the New Jersey Entity] does its own marketing in the United States and has its own sales representatives in the United States."  <u>Id</u>. at ¶ 7.  None of this is inconsistent with the Defendant's declaration, which says the Defendant sells manikins to the New Jersey Entity.  <u>See</u> Chung Declaration ¶ 5.

[9]  The evidence: the Defendant refers on its website to the New Jersey Entity as a "regional office[]," which "continue[s] to grow [the Defendant's] extensive international distribution network."  Plaintiff Prestan Products LLC's Opposition to

In sum, the evidence, at this stage at least, suggests the Defendant has no straight-line connection to the United States, but leans on a New Jersey company (its "regional office[]," see footnote 9) to distribute and market the Product in the United States.  The New Jersey Entity appears, in short, to be the key channel for the Defendant's export of the Product to the United States.

## II.  Personal Jurisdiction: Legal Principles

### A. Substance

A federal court may exercise personal jurisdiction to the same extent as state courts in the state where the federal court sits.  See Fed. R. Civ. P. 4(k)(1)(A); Daimler AG v. Bauman, 571 U.S. 117, 125 (2014); Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

In New Jersey, that means jurisdiction over a non-New Jersey defendant reaches as far as the United States Constitution allows.  See N.J. Court Rule 4:4-4; Charles Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986).[10]

---

Defendant Innosonian, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, or, Alternatively, Motion for Jurisdictional Discovery ("Opposition to Motion to Dismiss"), Certification of William C. Baton in Support of Opposition to Motion to Dismiss, Motion for Jurisdictional Discovery, Ex. 2 at 3.  Note that there is also evidence of a more arms-length relationship.  See Chung Declaration ¶ 7 ("[the Defendant] does not own any portion of [the New Jersey Entity] . . . is not a member of [the New Jersey Entity], and . . . does not have any other type of direct or indirect equity interest in [the New Jersey Entity]."); Gilbrook Declaration ¶ 7 ("[the New Jersey Entity] does its own marketing in the United States and has its own sales representatives in the United States.").  To the extent there is tension between different pieces of evidence, it is resolved at this stage in the Plaintiff's favor.  See AFTG-TG, LLC, v. Nuvoton Tech. Corp., 689 F.3d 1358, 1360 (Fed. Cir. 2012).

[10]  The parties seem to assume that the relevant constitutional constraint is the Due Process Clause of the Fourteenth Amendment, not of the Fifth.  See generally, e.g., Douglass v. Nippon Yusen Kabushiki Kaisha, 46 F.4th 226 (5th Cir. 2022) (en banc) (discussing this issue).  The parties may have skipped over this issue for any number of reasons --- including on the view that Fifth and Fourteenth Amendment standards are, in the

Under the United States Constitution, there are two ways to establish personal jurisdiction: general and specific.  See AFTG-TG, LLC, 689 F.3d at 1360.

Here, only specific jurisdiction is in play.  See Opposition to Motion to Dismiss; Defendant Innosonian, Inc.'s Reply Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim ("Reply").

The test for determining whether there is specific jurisdiction:[11]

> "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair."

Nuance Commc'ns, Inc., 626 F.3d at 1231.

### B. Procedure

On a motion to dismiss for lack of personal jurisdiction, discovery may be "available to ascertain the facts bearing on [the issue]."  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13 (1978)).[12]

---

end, the same.  For now: no matter.  Personal jurisdiction arguments can be forfeited.  See, e.g., Mallory v. Norfolk S. Ry. Co., 143 S. Ct. 2028, 2043 (2023).  That has happened, at least for the moment, as to personal jurisdiction arguments based on the Fifth Amendment.

[11]  For patent infringement claims, as here, Federal Circuit law determines whether there is personal jurisdiction.  See Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

[12]  While the substantive standard for determining whether there is personal jurisdiction is supplied by the Federal Circuit, see footnote 11, the question of whether to allow for jurisdictional discovery is controlled by "applying the law of the regional circuit."  Univ. of Massachusetts v. L'Oreal S.A., 36 F.4th 1374, 1384 (Fed. Cir. 2022); see also Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed. Cir. 2005).  Here, that is the Third Circuit.

"[J]urisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is "clearly frivolous." <u>Mass. Sch. of L. at Andover, Inc.</u> v. <u>Am. Bar Ass'n</u>, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up).  A plaintiff must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts[.]"  <u>Eurofins Pharma US Holdings</u> v. <u>BioAlliance Pharma SA</u>, 623 F.3d 147, 157 (3d Cir. 2010) (cleaned up).

Moreover, there is, in some sense at least, a "presumption" of jurisdictional discovery as to defendants that are corporations. See <u>Andover</u>, 107 F.3d at 1042; <u>see also</u> <u>Metcalfe</u>, 566 F.3d at 336 ("jurisdictional discovery [is] particularly appropriate where the defendant is a corporation").  The Defendant here is a corporation.  <u>See</u> Complaint ¶ 4.

### III.  Analysis

In light of the above, the question on the table: is the Plaintiff's jurisdictional claim "clearly frivolous"?

If yes, the motion to dismiss must be granted.

If no, the Court must either (a) deny the motion to dismiss or (b) allow jurisdictional discovery.

The Court's conclusion: the Plaintiff's jurisdictional claim is not clearly frivolous, and jurisdictional discovery is appropriate.

As to why the jurisdictional claim is not clearly frivolous, the Court analyzes the above-noted, <u>see</u> Part II.A, three-prong test for specific jurisdiction.  The analysis is in Parts III.A, III.B, and III.C.

As to why jurisdictional discovery is appropriate, the Court's analysis is in Part III.D.

#### A. The First Prong: Purposeful Availment

As to the first of the three prongs, the Defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state."  <u>Ford Motor Co.</u> v. <u>Montana Eighth Jud. Dist. Ct.</u>, 141 S. Ct. 1017, 1024 (2021) (cleaned up).

---

The Federal Circuit has held that specific jurisdiction exists where a corporation outside of the forum state has a close relationship with a distributor that: (1) is a forum state entity,[13] or (2) sells the relevant product in the forum state.[14]

This is all-but dispositive.  Why?  Because on the current evidence, it appears that a corporation (here, the Defendant) outside of the forum state (here, New Jersey) is working closely with a distributor (here, the New Jersey Entity) that is itself a forum-state entity.  That is enough to allow for jurisdictional discovery.  See L'Oreal S.A., 36 F.4th at 1385 (holding that it was an abuse of discretion to deny jurisdictional discovery in a similar case).[15]

### B. The Second Prong: Arise Out Of or Relate to

To satisfy the second of the three prongs,[16] a plaintiff must

---

[13] Nuance Commc'ns, Inc., 626 F.3d at 1231-33 (holding purposeful availment established where the out-of-the-forum-state defendant had a close relationship with a distributor that was a forum state "entity").

[14] See Polar Electro Oy v. Suunto Oy, 829 F.3d 1343, 1351 (Fed. Cir. 2016) (holding purposeful availment established where out-of-the-forum-state defendant worked closely with a distributor to ship products to the forum state); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1566 (Fed. Cir. 1994) (same).

[15] Note that the Federal Circuit's jurisprudence in this area is no outlier.  For example, the plurality in Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 112 (1987), explained the importance of "marketing . . . through a distributor . . . in the forum [s]tate" as a jurisdictional contact.  And this Court, applying Third Circuit law, has held that a foreign entity's reliance on a forum state distributor, as a "gateway" into the United States, suggests enough "purposeful availment" so that a plaintiff can get jurisdictional discovery as to the foreign entity.  See Opheim v. Volkswagen Aktiengesellschaft, 2021 WL 2621689, at *6 (D.N.J. June 25, 2021); Rickman v. BMW of N. Am. LLC, 538 F. Supp. 3d 429, 443-44 (D.N.J. 2021); cf. Rose v. Ferrari N. Am., Inc., 2023 WL 4914313, at *5 (D.N.J. July 31, 2023).

[16] Recall the three prongs:

(1) whether the defendant purposefully directed activities

7

generally show a "strong relationship among the defendant, the forum, and the litigation[.]" Ford Motor, 141 S. Ct. at 1028 (cleaned up).

The Defendant does not dispute the Plaintiff's jurisdictional claim on this second prong independent of its argument that the Defendant does not have sufficient contacts to satisfy the first prong.  See Motion to Dismiss at 5-12; Reply at 3-6.

And with good reason.  To the extent the Defendant has contacts with New Jersey, they are focused on distribution of the Product.  Such contacts are enough to trigger jurisdictional discovery in a patent infringement suit.  See generally Polar Electro Oy, 829 F.3d at 1351; Beverly Hills Fan Co., 21 F.3d at 1565.

### C. The Third Prong: Fair Play and Substantial Justice

The third prong, "whether assertion of personal jurisdiction is reasonable and fair," Nuance Commc'ns, Inc., 626 F.3d at 1231, only impacts the exercise of jurisdiction in "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." Id. (cleaned up). The defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

The Defendant argues that it "conducts its business thousands of miles away in Asia," Motion to Dismiss at 12, and did not anticipate being pulled into court in New Jersey.  See id.  The Defendant also references the "unique burdens" on foreign defendants.  Id. at 12-13 (quoting Asahi, 480 U.S. at 114-15).

But these concerns are mainly generic.  They are not particular to this Defendant or to this case.  The Defendant, for example, "do[es] not . . . suggest that defending this lawsuit in New Jersey would meaningfully impact the Defendant's operations or finances, or make it difficult for the Defendant to mount a robust defense." Rose v. Ferrari N. Am., Inc., 2023 WL 8653924,

---

at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.

Nuance Commc'ns, Inc., 626 F.3d at 1231.

at *4 (D.N.J. Dec. 14, 2023); see also Rose, 2023 WL 4914313, at
*5; Opheim, 2021 WL 2621689, at *6; Rickman, 538 F. Supp. 3d at
443-444; Ahn v. Korea Advanced Inst. of Sci. & Tech., 2014 WL
6455593, at *6 (D.N.J. Nov. 17, 2014); cf. Pinker v. Roche
Holdings Ltd., 292 F.3d 361, 373 (3d Cir. 2002).

Moreover, the Federal Circuit has approved the exercise of
personal jurisdiction over non-United States defendants in
contexts analogous to this one.  See, e.g., M-I Drilling Fluids
UK Ltd. v. Dynamic Air Ltda., 890 F.3d 995, 1003 (Fed. Cir.
2018); Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip.
Medico, 563 F.3d 1285, 1299 (Fed. Cir. 2009); Beverly Hills Fan
Co., 21 F.3d at 1569.

### D. Conclusion

The evidence, at least at this point, is that the Defendant
relies on a New Jersey Entity as its gateway for marketing and
distributing the Product in the United States.

Given that evidence, the Plaintiff's personal jurisdiction
argument is not "clearly frivolous."  Andover, 107 F.3d at 1042.

Whether or not the evidence is enough to actually establish
personal jurisdiction is arguably a close question.

Courts should avoid potentially difficult legal questions when
they can.  See, e.g., Eccles v. Peoples Bank of Lakewood Vill.,
Cal., 333 U.S. 426, 433 (1948).  And all the more so when the
legal questions are constitutional, see Lyng v. Nw. Indian
Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988), as they are
here.

Accordingly, the Court will order jurisdictional discovery.

At the close of that discovery, the Court can decide any
jurisdictional motions to dismiss against the backdrop of a
fuller factual record.  This factual development is likely to
clarify the legal issue, by making it more concrete and less
abstract.  See Fortson v. Toombs, 379 U.S. 621, 631, amended,
380 U.S. 929 (1965) (cleaned up) ("constitutional questions are
not to be dealt with abstractly"); see also Thorpe v. Hous.
Auth. of City of Durham, 393 U.S. 268, 284 (1969) ("We do not
sit . . . to decide abstract, hypothetical or contingent
questions or to decide any constitutional question in advance of

the necessity for its decision.") (cleaned up).[17]

This approach is closely consistent with the Federal Circuit's recent holding in L'Oreal S.A., 36 F.4th at 1384-85.  In that case, the Federal Circuit, applying Third Circuit standards, the Court held that the district court abused its discretion in not allowing jurisdictional discovery in a case similar to this one.

*      *      *

The Defendant's motion to dismiss is denied.  This is without prejudice to a motion being made later, under Rule 12(b)(2) or Rule 12(b)(6), after a presumably tight period of time during which focused jurisdictional discovery in this case will get

---

[17]  The bar for getting jurisdictional discovery is set relatively low.  See Andover, 107 F.3d at 1042 (laying out the "clearly frivolous" standard).  This is, as noted, in part to ensure that courts do not wade into unnecessarily abstract constitutional questions.  And it is in part for another reason. A plaintiff can be expected to know enough about its merits claims to put together a complaint --- the ins and outs of how, where, and when the plaintiff was injured.  But it can sometimes be more difficult for a plaintiff to know enough about its jurisdictional claims --- where a defendant lives, for example, or how and with whom a defendant does business.  After all, a plaintiff and a defendant may be strangers to each other.  And relevant information about a defendant may not be public. Tightly-limited jurisdictional discovery, ordered in the context of a motion to dismiss, can help to address this possible lack of information early on in a case --- before too much time and money has been spent in what may turn out to be the wrong court. See generally Rocke v. Pebble Beach Co., 541 F. App'x 208, 213 (3d Cir. 2013) (abuse of discretion not to allow jurisdictional discovery where, among other factors, there is an "imbalance of access to information" and the "business-related information" sought by the plaintiffs is in possession of the corporate defendant); Metcalfe, 566 F.3d at 336 ("A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery") (cleaned up).

underway and be completed.

IT IS on this 25th day of January, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.